UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS LEE RODGERS,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | NO. EDCV 17-1233-VAP (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS<br>(SUCCESSIVE PETITION) |

On June 13, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Southern District of California, which transferred the action here on June 20, 2017. He challenges his 2003 Riverside County conviction for assault with a firearm and other crimes, which resulted in a prison sentence of 16 years. (Petition at 1.) Because he previously challenged the same underlying state-court judgment here in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization to file a successive petition, the Court lacks jurisdiction over the new petition.

# I.

## PROCEDURAL BACKGROUND

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District, as well as the records of the state trial and appellate courts and the United States Supreme Court.

In 2003, a Riverside County Superior Court jury convicted Petitioner of assault with a firearm, possession of a firearm and ammunition by a felon, and making criminal threats. He was sentenced to prison for 16 years. (Petition at 1; see *People v. Rodgers,* 33 Cal. Rptr. 3d 163, 164-65 (Cal. Ct. App. 4th Dist. 2005).) The trial court case number was RIF098234.

On August 18, 2005, the California Court of Appeal affirmed the judgment in case number E034205. *Id.* The California Supreme Court initially granted review on November 30, 2005 in case number S137422, and then dismissed review on July 11, 2007 in light of its decision in another case.

On October 5, 2007, Petitioner filed a petition for certiorari in the United States Supreme Court, which denied the writ in case number 07-7456 on January 14, 2008.

Starting in 2002, before he was convicted, and continuing through 2017, Petitioner has filed many cases in the California Court of Appeal[1] and the California Supreme Court[2] challenging his prosecution and eventual conviction in case number RIF098234.

---

[1] The California Court of Appeal cases referencing trial court case number RIF098234 are: E032718, E034205, E034617, E036588, E038126, E040498, E043592, E049011, E051809, E054995, E055506, E055522, E055984, E056749, E057021, E059078, E059986, E060817, E061338, E061338, E061519, E061897, and, most recently, E068301, in which the court denied relief on May 15, 2017.

[2] The state Supreme Court cases that cross-reference trial court case number RIF098234 are: S128449, S134923, S137422 and S144268.

On July 24, 2008, Petitioner filed a habeas petition in this court, where it was assigned case number EDCV 08-1003-VAP (MLG) ("*Rodgers I*"). On July 19, 2013, after lengthy proceedings, the Court entered Judgment dismissing *Rodgers I* with prejudice. (Dkt. Nos. 118, 119 in *Rodgers I*.)

Petitioner has repeatedly applied for leave from the Ninth Circuit to file a second or successive petition, thus far without success. He first did so on July 15, 2013. The appellate court denied the application on October 21, 2013 in case number 13-72523. He filed his second application on October 28, 2014. The appellate court denied it on February 27, 2015 in case number 14-73332. On June 19, 2017, Petitioner filed a third application. That application, in case number 17-71777, remains pending.

The current Petition contains one ground for relief, namely that Petitioner, who is black, was the victim of a "RICO conspiracy" involving a "Grand Dragon KKK" judge and "a sexually confused homosexual prosecutor." (Petition at 4 (page citations are to page numbers assigned by CM/ECF in the header).)

## II.
## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the

court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Rodgers I*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of jurisdiction.

DATED: July 6, 2017

VIRGINIA A. PHILLIPS
Chief United States District Judge